# EXHIBIT A

Electronically Filed - Boone - May 18, 2021 - 04:53 PM

**IN THE CIRCUIT COURT OF BOONE COUNTY, STATE OF MISSOURI**

| | |
|---|---|
| ROBERT COATS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )     CASE NO.: (New Case) |
| KRAFT HEINZ FOODS COMPANY, | ) |
| | )     Jury Trial Demanded |
| **Serve:** | ) |
| Registered Agent | ) |
| C T Corporation System | ) |
| 120 South Central Avenue | ) |
| Clayton, MO 63105 | ) |
| | ) |
| and, | ) |
| | ) |
| BILL KERSEY | ) |
| | ) |
| **Serve:** | ) |
| 4600 Waco Rd. | ) |
| Columbia, MO 65202 | ) |
| | ) |
| Defendants. | ) |

**PETITION FOR DAMAGES**

COMES NOW Plaintiff, Robert Coats, by and through the undersigned counsel and states and alleges as follows for his Petition for Damages against Defendant Kraft Heinz Foods Company ("Defendant Kraft Heinz") and Defendant Bill Kersey ("Defendant Kersey"):

1. Plaintiff is and was at all times relevant to the allegations contained herein a Missouri resident.

2. Venue is proper in this Court because Defendant Kraft Heinz operates a facility for the purpose of producing hot dogs under the Oscar Meyer brand name in Boone County, and the unlawful employment actions alleged herein occurred within Boone County.

3.      Defendant Kraft Heinz is a limited liability company operating under the laws of Missouri and an employer within the meaning of the Missouri Human Rights Act.

4.      By information and belief, Defendant Kersey is and was at all times relevant to the allegations contained herein a Missouri resident.

## BACKGROUND FACTS APPLICABLE TO ALL COUNTS

5.      Plaintiff is an African American male.

6.      On or around June 2019 Plaintiff received a temporary job opportunity at Defendant Kraft Heinz's hot dog production facility ("the facility") located at 4600 Waco Rd., Columbia, Missouri.

7.      Defendant Kraft Heinz has at least four teams that work on the hot dog production line at the facility.

8.      The four teams have names, or labels, which are as follows:  "A-team", "B-team", "C-team", and "D-team."

9.      On or around November 25, 2019 Defendant Kraft Heinz hired Plaintiff to work full-time as a line operator on what is known as the "A-team" at the facility.

10.      Defendant Kraft Heinz often requires mandatory overtime at the facility which requires at least two of the teams to work at the same time.

11.      Due to how the schedule worked for the four teams, the "A-team" and "C-team" would typically work together when "A-team" was assigned mandatory overtime.

12.      Similarly, the "A-team" and "C-team" would typically work together when "C-team" was assigned mandatory overtime.

13.      If an employee on "A-team" worked on the last day of the normal schedule, they would be forced into the mandatory overtime shift with "C-team."

14.     On or around March 2020 Plaintiff was working an overtime shift with "C-team" when he went to a breakroom at the facility and overheard some co-workers on "C-team" say "coon" multiple times as he walked into the breakroom.

15.     To avoid potential conflict in the workplace, Plaintiff began giving some of his shift assignments to another white employee so that he would not be forced into overtime, which minimized his interactions with "C-team."

16.     Plaintiff's immediate supervisor eventually noticed that Plaintiff was avoiding the overtime shifts and confronted Plaintiff.

17.     Plaintiff informed his supervisor that he was avoiding overtime shifts so he could minimize any interactions with "C-team" because of the hostile work environment and racism he experienced in the break room.

18.     Defendant Kraft Heinz neither investigated nor took remedial actions based on Plaintiff's concerns.

19.     On or around June 5, 2020, it was discovered that someone at the facility defaced the locker of another African American co-worker of Plaintiff's by writing "nigger" on the locker.

20.     On or around June 7, 2020, Plaintiff was in a breakroom at the facility when, Defendant Kersey, a white employee assigned to "C-team", entered the breakroom and said "what's up nigga."

21.     Immediately after this incident, Plaintiff made a formal report alleging that he was being subjected to a hostile work environment.

22.     Defendant Kersey admitted that he made the comment and was suspended for a period of three (3) days, after which he returned to the workplace.

23.     Plaintiff believed that under Defendant Kraft Heinz's policies, Defendant Kersey would be fired.

24. When Plaintiff learned that Defendant Kersey's employment had not been terminated, he continued avoiding overtime shifts with "C-team."

25. Defendant Kraft Heinz then began demanding that Plaintiff stop assigning shifts to other employees so that Plaintiff would be forced to work his mandatory overtime shifts with "C-team."

26. Plaintiff responded by requesting to be assigned to a different team so that he would not have to work with "C-team" and Defendant Kersey, who was allowed by Defendant Kraft Heinz to return to the workplace.

27. Defendant Kraft Heinz refused to grant his request for transfer and told him he would have to work overtime with "C-team."

28. When Defendant Kraft Heinz refused to grant his request for transfer, Plaintiff explained that it would be difficult for him to control his reaction if Defendant Kersey or any other employee of "C-team" used a racial slur in front of him again.

29. Defendant Kraft Heinz then suspended Plaintiff, without pay, on or about June 27, 2020, alleging that he threatened to use violence against a co-worker.

30. Plaintiff was not told how long his suspension would be.

31. On July 2, 2020, Defendant Kraft Heinz called Plaintiff indicating that he could return to work on July 5, 2020.

32. Plaintiff called Defendant Kraft Heinz on July 5, 2020 and again on July 6, 2020 requesting that Defendant Kraft Heinz correct the hostile work environment he was experiencing by assigning Plaintiff to another team.

33. Defendant Kraft Heinz refused to grant Plaintiff's request until July 12, 2020 when he was allowed to return to work as a "mixer" on "B-team."

34. After Plaintiff returned to work on July 12, 2020, Defendant Kraft Heinz then started erroneously documenting performance issues against him.

35.     Plaintiff's employment was terminated by Defendant Kraft Heinz on July 27, 2020.

## COUNT I – MISSOURI HUMAN RIGHTS VIOLATION
## RACE DISCRIMINATION

COMES NOW Plaintiff, and for Count I of his Petition against Defendant Kraft Heinz states as follows:

36.     Plaintiff incorporates by reference paragraphs 1 through 35 as if more fully set forth herein.

37.     This count is brought pursuant to the Missouri Human Rights Act ("MHRA").  Jurisdiction of this action is conferred under RSMo. § 213.111.

38.     At all times relevant to this litigation, Plaintiff was an employee of Defendant Kraft Heinz within the meaning of the Missouri Human Rights Act.

39.     Plaintiff filed a timely Charge of Discrimination with the Missouri Commission of Human Rights and the Equal Employment Opportunity Commission.  A copy of the charge is attached hereto as Exhibit A and incorporated herein by reference.

40.     Plaintiff received his Notice of Right to Sue pursuant to the Missouri Human Rights Act.  A true and accurate copy of the Notice is attached hereto as Exhibit B and incorporated herein by reference.

41.     This action has been timely filed with this Court and Plaintiff has met all conditions precedent to the filing of this action.

42.     Defendant Kraft Heinz subjected Plaintiff to a racially hostile environment, and otherwise treated Plaintiff adversely in the terms and conditions of his employment because of Plaintiff's race, which is African American.

43.     Defendant Kraft Heinz knew or should have known of the racially hostile environment and failed to take prompt and effective remedial action.

44.     Due to Defendant Kraft Heinz's actions, Plaintiff's status as an employee was adversely affected.

45.     As a direct and proximate result of Defendant Kraft Heinz's actions, Plaintiff has suffered damages, including, but not limited to, lost income and benefits, future wages and earnings, and suffered emotional and mental distress, embarrassment, humiliation, and loss of enjoyment of life, all to Plaintiff's damage and detriment.

46.     The actions and conduct set forth herein were outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of Plaintiff, and therefore Plaintiff is entitled to punitive damages from Defendant Kraft Heinz to punish Defendant Kraft Heinz and to deter Defendant Kraft Heinz and others from like conduct.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant Kraft Heinz in an amount exceeding $25,000, an award of compensatory and punitive damages, costs and attorneys' fees, post-judgment interest, and for such other and further relief as this Court deems just and proper.

<strong>COUNT II – MISSOURI HUMAN RIGHTS VIOLATION<br>COLOR DISCRIMINATION</strong>

COMES NOW Plaintiff, and for Count II of his Petition against Defendant Kraft Heinz, states as follows:

47.     Plaintiff incorporates by reference paragraphs 1 through 46 as if more fully set forth herein.

48.     Defendant Kraft Heinz subjected Plaintiff to a racially hostile environment and otherwise treated Plaintiff adversely in the terms and conditions of his employment due to his color – dark-skinned.

49.     As a direct and proximate result of Defendant Kraft Heinz's actions, Plaintiff has suffered damages, including, but not limited to, lost income and benefits,

future wages and earnings, and suffered emotional and mental distress, embarrassment, humiliation, and loss of enjoyment of life, all to Plaintiff's damage and detriment.

50.     The actions and conduct set forth herein were outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of Plaintiff, and therefore Plaintiff is entitled to punitive damages from Defendant Kraft Heinz to punish Defendant Kraft Heinz and to deter Defendant Kraft Heinz and others from like conduct.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant Kraft Heinz in an amount exceeding $25,000, an award of compensatory and punitive damages, costs and attorneys' fees, post-judgment interest, and for such other and further relief as this Court deems just and proper.

### COUNT III – MISSOURI HUMAN RIGHTS VIOLATION RETALIATION

COMES NOW Plaintiff, and for Count III of his Petition against Defendant Kraft Heinz states as follows:

51.     Plaintiff incorporates by reference paragraphs 1 through 50 as if more fully set forth herein.

52.     Plaintiff engaged in protected activity by directly opposing blatant acts of racism in the workplace, to include but not be limited to the following:  reporting feeling uncomfortable about race discrimination to his supervisor, filing an internal report of discrimination, and requesting to be assigned to another team to avoid interacting with someone that had displayed racial animus towards him.

53.     Defendant Kraft Heinz subjected Plaintiff to a racially hostile environment, and otherwise treated Plaintiff adversely in the terms and conditions of his employment because of Plaintiff's race, which is African American.

54.     Defendant Kraft Heinz retaliated against Plaintiff due to the fact that Plaintiff was engaging in protected activity.

55.     Defendant Kraft Heinz's acts of retaliation include, but are not limited to, the following:   suspending Plaintiff and failing and/or refusing to accommodate Plaintiff's request to assign Plaintiff to a different team.

56.     Due to Defendant Kraft Heinz's actions, Plaintiff's status as an employee was adversely affected.

57.     As a direct and proximate result of Defendant Kraft Heinz's actions, Plaintiff has suffered damages, including, but not limited to, lost income and benefits, future wages and earnings, and suffered emotional and mental distress, embarrassment, humiliation, and loss of enjoyment of life, all to Plaintiff's damage and detriment.

58.     The actions and conduct set forth herein were outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of Plaintiff, and therefore Plaintiff is entitled to punitive damages from Defendant Kraft Heinz to punish Defendant Kraft Heinz and to deter Defendant Kraft Heinz and others from like conduct.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant Kraft Heinz in an amount exceeding $25,000, an award of compensatory and punitive damages, costs and attorneys' fees, post-judgment interest, and for such other and further relief as this Court deems just and proper.

**COUNT IV – NEGLIGENT HIRING, SUPERVISION, AND/OR RETENTION**

COMES NOW Plaintiff, and for Count IV of his Petition against Defendant Kraft Heinz states as follows:

59.     Plaintiff incorporates by reference paragraphs 1 through 35 as if more fully set forth herein.

60.     Defendant Kraft Heinz had a duty to supervise all of its employees.

61.     Defendant Kraft Heinz had a duty to protect Plaintiff from an unreasonable risk of risk of racial discrimination while he was employed with Defendant Kraft Heinz.

62.     Defendant Kraft Heinz breached its duty to protect Plaintiff and to supervise Defendant Kersey in the performance of his work duties by negligently allowing, causing, or failing to supervise his actions that caused emotional injuries to Plaintiff.

63.     Defendant Kraft Heinz proximately and negligently caused the injuries sustained as a result of Defendant Kersey's outrageous and extreme conduct.

64.     Defendant Kraft Heinz's actions were willful, wanton, and reckless for which punitive damages and/or an award for aggravating circumstances are appropriate.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant Kraft Heinz in an amount exceeding $25,000, an award of compensatory and punitive damages, costs and attorneys' fees, post-judgment interest, and for such other and further relief as this Court deems just and proper.

## COUNT V – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

COMES NOW Plaintiff, and for Count V of his Petition against Defendant Kraft Heinz and Defendant Kersey states as follows:

65.     Plaintiff incorporates by reference paragraphs 1 through 35 as if more fully set forth herein.

66.     The facts of the above-described occurrence(s) and the reasonable inferences therefrom demonstrate that such occurrences were directly caused by Defendants' failure to use a degree of care that an ordinarily careful person would use under the same or similar circumstances and Defendants were thereby negligent.

67.     Defendants knew, or by using ordinary care, should have known, that such negligence involved an unreasonable risk of causing emotional distress to Plaintiff.

68.     As a direct and proximate result of Defendants' negligence, and as a result of the extreme and outrageous conduct of Defendant Kersey in calling Plaintiff a "nigga" Plaintiff suffered and continues to suffer severe emotional distress.

69.     Defendants' actions were willful, wanton, and reckless for which punitive damages and/or an award for aggravating circumstances are appropriate.

70.     Defendant Kraft Heinz is liable for the actions of Defendant Kersey under the doctrine of respondeat superior.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendants, and each and both of them, jointly and severally, on his Petition for Damages in an amount exceeding $25,000; for an award of compensatory and punitive damages; reasonable attorneys' fees; and for such other and further relief as this Court deems just and proper.

**COUNT VI – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

COMES NOW Plaintiff, and for Count VI of his Petition against Defendant Kraft Heinz and Defendant Kersey states as follows:

71.     Plaintiff incorporates by reference paragraphs 1 through 35 as if more fully set forth herein.

72.     Defendant Kersey's conduct described herein was extreme and outrageous conduct which has caused physical and emotional harm to Plaintiff.

73.     Defendant Kersey intentionally or recklessly acted in an extreme and outrageous manner by causing unwanted, unlawful, and offensive communication with Plaintiff.

74.     Defendant Kersey either intended to cause or recklessly caused extreme emotional distress to Plaintiff.

75.     Defendant Kersey's conduct was so outrageous and extreme in degree that it goes beyond all bounds of decency, and is to be regarded as atrocious, and utterly intolerable in a civilized community.

76.     Defendants' actions were willful, wanton, and reckless for which punitive damages and/or an award for aggravating circumstances are appropriate.

77.     Defendant Kraft Heinz is liable for the actions of Defendant Kersey under the doctrine of respondeat superior.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendants, and each and both of them, jointly and severally, on his Petition for Damages in an amount exceeding $25,000; for an award of compensatory and punitive damages; reasonable attorneys' fees; and for such other and further relief as this Court deems just and proper.

Respectfully Submitted,

/s/ Chris Miller

Chris Miller, MO Bar # 65042
The Law Office of Chris Miller
1902 Corona Rd., Suite 200
Columbia, MO 65203
Phone:  573-499-0200
Fax:    573-375-4041
chris@centralmissourilegal.com

ATTORNEY FOR PLAINTIFF

Electronically Filed - Boone - May 18, 2021 - 04:53 PM

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; see Privacy Act Statement before completing this form.

ENTER CHARGE NUMBER
☐ FEPA 2-10/20-32496
☐ EEOC

### MISSOURI COMMISSION ON HUMAN RIGHTS AND EEOC

| NAME | Date of Birth | HOME TELEPHONE NO. (Include Area Code) |
|---|---|---|
| Robert Eugene Coats | 10/24/1963 | 573-673-9324 |

| Street Address | City, State and Zip Code | County |
|---|---|---|
| 1063 Rosetta | Columbia, MO 65201 | Boone |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below).

| NAME | NO. OF EMPLOYEES/MEMBERS | TELEPHONE NUMBER (Include Area Code) |
|---|---|---|
| The Kraft Heinz Company | >500 | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE |
|---|---|
| 4600 Waco Rd. | Columbia, MO 65203 |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE |
|---|---|
| | |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es)
☒ RACE ☒ COLOR ☐ SEX ☐ RELIGION
☐ NATIONAL ORIGIN ☒ RETALIATION ☐ AGE
☐ DISABILITY ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE (Month, day, year)
☐ CONTINUING ACTION

FILED
OCT 23 2020
MO Commission on Human Rights
Jefferson City Office

Respondent, The Kraft Heinz Company is a multinational corporation focused on the production and distribution of food and beverage products. On or around June 2019 Complainant was placed through a temporary job staffing agency at Respondent's Columbia, Missouri location as a line operator. Complainant was then hired full-time by Respondent as a line operator at Respondent's Columbia, Missouri location from November 2019 until July 20, 2020. Between January 2020 and his last day of employment with Respondent, Complainant experienced severe and blatant racial discrimination in the workplace. Complaint is African American. After making reports regarding the racial discrimination he and other African American co-workers were experiencing, Respondent retaliated against Complainant. Complainant believes that Respondent created a hostile work environment due to Complainant's race and color because Respondent has hired unqualified individuals to work in positions of management in human resources and/or upper management. Additionally, Respondent has failed to properly train and supervise those in human resources and upper management on how to handle racial discrimination in the workplace and prevent retaliation.

On or around March 2020 Complainant was working for Respondent and was utilizing the breakroom on Respondent's premises. As he entered the breakroom Complainant heard other coworkers say "coon" multiple times. Complainant did not know exactly who said "coon" but felt racial animosity on the particular overtime shift he was working that day. As a direct result, Complainant began avoiding any overtime shift with the co-workers who were in the breakroom and said "coon." To avoid these shifts, Complaint would give them to another white employee, who was aware of the discrimination, so that he could pick up extra hours. Complainant's avoidance of these shifts was to his financial detriment as he missed overtime hours and was noticed by Complainant's immediate supervisor. Complainant's supervisor eventually asked why he was avoiding these overtime shifts and Complainant informed his supervisor that he felt as though others that worked those shifts were racist and that he was uncomfortable due to the hostile work environment the racism created. Complainant's supervisor never did anything to investigate Complainant's claims. On or around June 4, 2020, Complainant became aware that another African American co-worker's locker was defaced with the word "nigger" written on the front of the locker. Respondent did nothing to address this action and a few days later Complainant was called a "nigger" by a white co-worker in the breakroom. Complainant immediately informed his supervisor. Respondent investigated the incident and substantiated Complainant's account that he had been called a "nigger" by another white co-worker. Complainant understands that Respondent suspended the white co-worker for a period of three-days. After the three-day suspension, the white co-worker returned to work. Complainant, who was under the impression that Respondent would strictly adhere to its zero-tolerance policy regarding racial discrimination in the workplace, was told by upper management that he would be forced to work shifts with this white co-worker and potentially others on the team who displayed racial animosity. When he requested to be transferred to a different team in avoidance of the hostile work environment engendered and forced upon Complainant by Respondent, he

was suspended, without pay, from June 27 to July 12th, a period of time substantially greater than three-days. When Complainant returned to work, Respondent had accommodated his request that he be transferred to a different team, however, Respondent began falsely documenting performance issues against Complainant in continued retaliation against Complainant. Due to the hostile work environment because of Complainant's race and retaliation, Complaint felt he could no longer continue working for Respondent, that he had been constructively discharged, and he quit.

Complainant has been discriminated against and denied protections against discrimination under the Missouri Human Rights Act. Complainant has received disparate treatment with respect to his employment with The Kraft Heinz Company due to his race, color, and retaliation. This Charge is an administrative charge and does not include every fact or detail that may be uncovered within the course of any investigation of this Charge. Complainant seeks to exhaust his administrative remedies for any act likely to be uncovered as a result of investigation into this Charge. Moreover, this Charge does not include each and every fact that may be relevant to the claims asserted herein but is intended to be a general overview of those facts leading to the filing of the complaint.

Complainant seeks all available remedies under the Missouri Human Rights Act.

| [X] I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary to meet State and Local Requirements) _____ I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct. | _____ SIGNATURE OF COMPLAINANT |
| Date _____ Charging Party (Signature) | 10/29/20 _____ SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month and year) |

MELISSA MILLER
Notary Public - Notary Seal
State of Missouri
County of Boone
My Commission Expires Mar. 24, 2023
Commission # 15390382

**FILED**

OCT 2 9 2020

MO Commission on Human Rights
Jefferson City Office



Electronically Filed - Boone - May 18, 2021 - 04:53 PM

MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS
**MISSOURI COMMISSION ON HUMAN RIGHTS**

| MICHAEL L. PARSON | ANNA S. HUI | MARTHA STAGGS | ALISA WARREN, PH.D. |
| GOVERNOR | DEPARTMENT DIRECTOR | COMMISSION CHAIR | EXECUTIVE DIRECTOR |

Robert E. Coats
1063 Rosetta
Columbia, MO 65201
*Via Complainant Attorney Email*

RE:    Robert E. Coats vs. THE KRAFT HEINZ COMPANY
E-08/20-52345  28E-2020-01012C

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

This letter indicates your right to bring a civil action within 90 days of the date of this notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred, but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. Upon issuance of this notice, the MCHR is terminating all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act. You are hereby notified of your right to sue the Respondent(s) named in your complaint in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST.**

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it.  This notice of right to sue has no effect on the suit-filing period of any federal claims. This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been over 180 days after the filing of the complaint and MCHR has not completed its administrative processing.

Respectfully,

Alisa Warren, Ph.D.
Executive Director

February 17, 2021
Date

C:    additional contacts listed on next page

☒

JEFFERSON CITY OFFICE
421 E. DUNKLIN STREET
P.O. BOX 1129
JEFFERSON CITY, MO 65102-1129
PHONE: 573-751-3325
FAX: 573-751-2905

☐

ST. LOUIS OFFICE
111 N. 7TH STREET, SUITE 903
ST. LOUIS, MO 63101-2100
PHONE: 314-340-7590
FAX: 314-340-7238

☐

KANSAS CITY OFFICE
P.O. BOX 1129
JEFFERSON CITY, 65102-1129
FAX: 816-889-3582

☐

SIKESTON OFFICE
106 ARTHUR STREET, SUITE D
SIKESTON, MO 63801-5454
FAX: 573-472-5321

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY:    1-800-735-2966 (TDD)    Relay Missouri: 711
www.labor.mo.gov/mohumanrights    E-Mail: mchr@labor.mo.gov



*return*

Electronically Filed - Boone - July 28, 2021 - 03:52 PM

# IN THE 13TH JUDICIAL CIRCUIT, BOONE COUNTY, MISSOURI

8B
8-18

| | |
|---|---|
| Judge or Division:<br>KEVIN M J CRANE | Case Number: 21BA-CV01711 |
| Plaintiff/Petitioner:<br>ROBERT COATS | Plaintiff's/Petitioner's Attorney/Address<br>CHRISTOPHER RYAN MILLER<br>1902 CORONA ROAD<br>SUITE 200<br>COLUMBIA, MO 65203 |
| vs. | |
| Defendant/Respondent:<br>KRAFT HEINZ FOODS | Court Address:<br>705 E Walnut<br>COLUMBIA, MO 65201 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: **KRAFT HEINZ FOODS**
Alias: 30 CTCOR VW

SRV: CT CORPORATION SYSTEM
120 SOUTH CENTRAL AVENUE
CLAYTON, MO 63105

COURT SEAL OF

BOONE COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

| | |
|---|---|
| **7/19/2021**<br>Date | /s/DORCAS SMARR<br>Clerk |

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☑ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to LCW-B.LOVE (name) INTAKE SPECIALIST (title).

☐ other: _____

Served at CT CORP (address)

in ST LOUIS (County/City of St. Louis), MO, on 7-27-21 (date) at 10am (time).

LEISINGER _____
Printed Name of Sheriff or Server        Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____
                          Date                    Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

21-SMCC-6383

OSCA (06-18) SM30 (SMCC) *For Court Use Only:* Document Id # 21-SMCC-677    1 of 1    Civil Procedure Form No. 1; Rules 54.01 - 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo



**IN THE 13TH JUDICIAL CIRCUIT, BOONE COUNTY, MISSOURI**

| Judge or Division:<br>KEVIN M J CRANE | Case Number: 21BA-CV01711 |
|---|---|
| Plaintiff/Petitioner:<br>ROBERT COATS | Plaintiff's/Petitioner's Attorney/Address<br>CHRISTOPHER RYAN MILLER<br>1902 CORONA ROAD<br>SUITE 200<br>COLUMBIA, MO 65203 |
| vs. | |
| Defendant/Respondent:<br>KRAFT HEINZ FOODS | Court Address:<br>705 E Walnut<br>COLUMBIA, MO 65201 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: **BILL KERSEY**
Alias:

4600 WACO ROAD
COLUMBIA, MO 65202

**COURT SEAL OF**

**BOONE COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

| 7/19/2021 | /s/DORCAS SMARR |
|---|---|
| Date | Clerk |

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☒ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to _____ (name) _____ (title).

☐ other: _____

Served at ___Interstate 70 and US Highway 54 - Kingdom City, Mo___ (address)

in ___Callaway___ (County/City of St. Louis), MO, on ___July 21, 2022___ (date) at ___5:25pm___ (time).

___Bryan Liebhart___      ___Bryan Liebhart___
Printed Name of Sheriff or Server      Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____      _____
Date      Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $ _____ |
| Non Est | $ _____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $ 10.00 |
| Mileage | $ _____ ( _____ miles @ $._____ per mile) |
| **Total** | $ _____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only:* **Document Id # 21-SMCC-678**       1 of 1      Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo